```
 1  ANDRÉ BIROTTE JR.
    United States Attorney                        JS - 6
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  FRANK D. KORTUM
    Assistant United States Attorney
 6  Asset Forfeiture Section
    California Bar No. 110984
 7       United States Courthouse
         312 North Spring Street, Suite 1400
 8       Los Angeles, California 90012
         Telephone: (213) 894-5710
 9       Facsimile: (213) 894-7177
         E-Mail:   Frank.Kortum@usdoj.gov
10
    Attorneys for Plaintiff
11  United States of America

12                   UNITED STATES DISTRICT COURT

13              FOR THE CENTRAL DISTRICT OF CALIFORNIA

14                         WESTERN DIVISION

15  UNITED STATES OF AMERICA,    )   NO.  CV 12-03953-MMM (CWx)
                                 )
16              Plaintiff,       )   [PROPOSED]
                                 )
17              v.               )   CONSENT JUDGMENT OF FORFEITURE
                                 )   AS TO CLAIMANT GENERAL TRADING
18  4,128 HANDBAGS IN 318        )   GROUP, INC.
    CARTONS; 25,362 WALLETS IN   )
19  267 CARTONS; 12,888 HANDBAGS )
    AND 720 HANDBAGS IN 967      )
20  CARTONS; AND 1,320 HANDBAGS  )
    IN 85 CARTONS,               )
21                               )
                Defendants.      )
22                               )
    _____ )
23                               )
    GENERAL TRADING GROUP, INC., )
24                               )
                Claimant.        )
25  _____ )

26
         Plaintiff and Claimant General Trading Group, Inc.
27
    ("Claimant") have made a stipulated request for the entry of this
28
```

Case 2:12-cv-03953-MMM-CW   Document 8   Filed 07/17/12   Page 2 of 4   Page ID #:43

Consent Judgment, resolving the claim of Claimant in this action in its entirety.  Claimant filed a claim and answer in the related case of <u>United States v. 4,128 Coach Handbags, et al.</u>, Case No. CV 11-01842-MMM (CWx) on April 11, 2011 and May 2, 2011.  The claim and answer that was filed by claimant in the related case shall be deemed filed in this case.  No other parties have appeared in this case and the time for filing claims and answers has expired.  No other person is believed to have any claim to the defendant assets.

The Court, having considered the stipulation of the parties, and good cause appearing therefor, **HEREBY ORDERS ADJUDGES AND DECREES**:

1.   The government has given and published notice of this action as required by law, including Supplemental Rule G for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court.  No claims or answers have been filed to contest the forfeiture of the defendant assets other than Claimant, and the time for filing claims and answers has expired.  This Court has jurisdiction over the parties to this judgment and the defendant assets described herein.  Any potential claimants to the defendant assets described herein other than Claimant is deemed to have admitted the allegations of the complaint for forfeiture with respect to these assets.

2.   Claimant filed on or about December 28, 2009 four cash court cost bonds with U.S. Customs and Border Protection, Office of Fines, Penalties and Forfeitures, in the amounts of $820.00,

$5,000.00, $5,000.00, and $524.00 for the defendant assets. Claimant abandons the bonds and any interest thereon, and consents to the disposition of the bonds by the government as an amount in lieu of forfeiture.

3.   The government will not assert any additional claims against claimant arising out of this matter, to include any additional action for charges or costs of any nature, or penalties.

4.   The government shall have judgment against the interest of Claimant (and any potential claimants) as to the defendant assets, which assets are hereby forfeited and condemned to the United States, and no other right, title or interest shall exist therein.  The government shall dispose of the forfeited assets according to law.

5.   Claimant has agreed to release the United States of America, its agencies, agents, and officers, including employees and agents of the U.S. Customs and Border Protection ("CBP"), from any and all claims, actions or liabilities arising out of or related to the seizure and retention of the defendant assets and/or the commencement of this civil forfeiture action, including, without limitation, any claim for attorneys' fees, costs or interest which may be asserted on behalf of Claimant against the United States, whether pursuant to 28 U.S.C. § 2465 or otherwise.

6.   The court finds that there was reasonable cause for the seizure of the defendant assets and the institution of this action as to the defendant assets.  This judgment constitutes a

certificate of reasonable cause pursuant to 28 U.S.C. § 2465 as to the defendant assets.

7. Each of the parties shall bear its own fees and costs in connection with the seizure, retention and return of the defendant assets.

DATED: July 17, 2012

_____
THE HONORABLE MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

Presented by:

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

    /s/
_____
FRANK D. KORTUM
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

4